IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA CAMPOS, | No. C 13-03327 SI |
| Plaintiff, | **ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |
| v. | |
| CAROLYN COLVIN, Commissioner of Social Security, | |
| Defendant. | |

The parties have filed cross-motions for summary judgment in this social security appeal. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further review consistent with this decision.

**BACKGROUND**

At the time of administrative hearing, plaintiff Elena Campos was a fifty-five year old woman with a high school education and some vocational training. Administrative Record ("AR") at 33-34. Her past work experience includes employment in customer service and at call centers. *Id*. at 35-37. Plaintiff was last gainfully employed in 2006. *Id*. at 36. Plaintiff asserts that she is disabled due to asthma. *Id*. at 37.

On March 31, 2009, plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act. *Id*. at 64. She also filed a Title II application for disability insurance benefits on April 7, 2009. *Id.* at 65. The Social Security Administration denied both applications initially and again on reconsideration. *Id.* at 68-72, 75-79. Plaintiff requested a hearing before an

administrative law judge ("ALJ") on October 20, 2010. *Id.* at 82. The hearing was held on September 20, 2011. *Id.* at 28. On October 19, 2011, the ALJ concluded that plaintiff was not disabled and denied her applications. *Id.* at 10-27.

On May 23, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's decision. *Id.* at 1-6. Plaintiff then filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal or remand of the ALJ's decision. Compl. 2, ECF No. 1. Both parties have moved for summary judgment. Pl.'s Mot. Summ. J. ("Pl.'s Mot."), ECF No. 17; Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 18.

## ALJ'S DECISION

In determining plaintiff's disability status, the ALJ applied the five-step disability analysis in accordance with 20 C.F.R. § 416.920(a)(4). AR 9-21. In the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 1, 2008, the alleged onset date ("AOD") of her disability.[1] *Id.* at 15. At the second step, the ALJ found that plaintiff's asthma was a severe impairment. *Id.* at 15-16.

At step three, the ALJ determined that the plaintiff's impairment did not meet or equal the severity of the entry for asthma in the Listing of Impairments because there were "no findings based on diagnostic, clinical, and/or objective evaluations, including reports of laboratory tests and diagnostic imaging, consistent with the level of severity of a condition that meets the criteria under the Listings." *Id.* at 17. Next, the ALJ determined that plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), subject to the following limitation: "The claimant is to avoid even moderate exposure to extreme cold and humidity; and is to avoid even moderate exposure to pulmonary irritants, such as fumes, odors, dusts, and gases." *Id.*

The ALJ then proceeded to step four, where he found that plaintiff, in light of her RFC, was able

---

[1] During the hearing, plaintiff requested to have the AOD amended to January 1, 2008; the ALJ accepted this new date. AR 55. However, in his decision, the ALJ identified the AOD as December 1, 2008. *Id.* at 15. In her appeal of the ALJ's decision, plaintiff again amended the AOD to June 1, 2007; however, this change was neither accepted nor rejected, as the Appeals Council denied review. *Id.* at 294.

2

to perform her past work as a credit card control clerk and order clerk, as defined by the Dictionary of Occupational Titles ("DOT"). *Id.* at 17-21. The ALJ found, based on the vocational expert's testimony, that plaintiff's previous job duties "match the exertional and skill level for these positions" as assessed by the DOT. *Id.* at 21. In addition, the ALJ noted that plaintiff has testified that she performed these duties within the past fifteen years with enough frequency "to master the skills involved." *Id.* Based on this assessment, the ALJ determined that plaintiff was not disabled from December 1, 2008 through the date of the decision. *Id.* Because the ALJ found that plaintiff was not disabled at step four, he did not proceed to step five.

## LEGAL STANDARD

### I. Standard of Review

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g) (2001). Here, the decision of the ALJ stands as the final decision of the Commissioner because the Appeals Council declined review. 20 C.F.R. § 416.1481 (2001). The Court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g).

Factual findings of the Commissioner are conclusive if supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2001). The Court may set aside the Commissioner's final decision when that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id.* at 1098. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (2012) (internal quotations omitted). To determine whether substantial evidence exists, the Court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Commissioner's conclusion. *Tackett*, 180 F.3d at 1098. "Where evidence is susceptible to more than one rational interpretation," the ALJ's decision should be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## II.     Disability Benefits

A claimant is "disabled" under the Social Security Act if: (1) the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B). The ALJ evaluates disability cases using a five-step evaluation process established by the Social Security Administration. 20 C.F.R. § 404.1520*; Ludwig v. Astrue*, 681 F.3d 1047, 1048 n. 1 (9th Cir. 2012).

In the first step, the claimant must establish that he or she is not engaged in substantial gainful activity. Substantial gainful activity is any work that involves significant mental or physical activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). If the ALJ finds that the claimant has engaged in substantial gainful activity, the claimant is not disabled; however, if the ALJ finds that the claimant has not done so, the ALJ will proceed to step two.

In the second step, the ALJ must determine whether the claimant has an impairment or combination of impairments that is preventing him or her from performing substantial gainful activity. *Id.* § 404.1520(a)(4)(I)-(ii). In order for an impairment to be severe, it must significantly limit an individual's ability to perform basic work activities. An impairment must have lasted or be expected to last twelve months in order to be considered severe. *Id.* § 404.1509. If the ALJ does not find the claimant's impairment or combination of impairments to be severe at this stage, the claimant is not disabled. If the ALJ determines that the claimant's impairment or combination of impairments is severe, the ALJ will proceed to step three.

In the third step, the claimant must establish that his or her impairment meets or equals an impairment included in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). The claimant is disabled if his or her impairment meets or medically equals the criteria of a listed impairment. *Garrison v. Colvin*, No. 12-15103, 2014 WL 3397218, at *12 (9th Cir.

July 14, 2014). If the claimant's impairment does not meet or equal the criteria of a Listing, the evaluation continues. 20 C.F.R. § 404.1520(a)(4)(iv).

Before reaching the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 416.920(e). The RFC measures the claimant's ability to meet the physical, mental, sensory, and other requirements of work despite his or her limitations. *Id.* § 416.945(a)(4). To determine the RFC, the ALJ considers the impact of the claimant's symptoms on his or her ability to work. The ALJ will evaluate all the claimant's symptoms and the extent to which these symptoms are consistent with evidence in the record. *Id.* § 416.929(a). The evidence can include the claimant's own statements about his or her symptoms, but such statements must be adequately supported by the record in order to establish a disability. *Id.* In order to determine whether the claimant's statements are adequately supported, the ALJ must first determine whether the claimant has a medical impairment that could reasonably be expected to produce his or her symptoms, and then must evaluate the intensity and persistence of the claimant's symptoms. *Id.* When evaluating intensity and persistence, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements about how the claimant's symptoms affect him or her. *Id.* The ALJ cannot reject statements about the intensity and persistence of symptoms solely because no objective medical evidence substantiates the statements. *Id.* § 416.929(c)(2). The ALJ must also consider factors relevant to the claimant's symptoms, such as the claimant's daily activities, the claimant's medications and treatment, any other measures the claimant uses to alleviate symptoms, precipitating and aggravating factors, and any other factors relevant to the claimant's limited capacity for work due to his or her symptoms. *Id.* § 416.929(c)(3)(I)-(vi).

At the fourth step, the ALJ must determine whether, in light of the claimant's RFC, he or she can perform previous work. *Id.* § 404.1520(e). If the ALJ determines that the claimant has such capacity, the claimant is not disabled. If the claimant cannot perform past relevant work or has no past relevant work, the ALJ proceeds to the fifth step.

The burden of proof is on the claimant in the first four steps; if he or she fails to meet the burden in steps one, two, three, or four, the claimant is "not disabled." *Garrison*, 2014 WL 3397218, at *13. The burden shifts to the Commissioner in step five. In the fifth step, the ALJ considers the claimant's

RFC, age, education, and work experience to determine whether the claimant is able to do any other work, and also must determine whether there are a significant number of these jobs in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *Garrison*, 2014 WL 3397218, at *12-13. If the Commissioner fails to establish that there is a sufficient number of jobs available that the claimant can perform, the claimant is "disabled." *Id.* If the Commissioner shows that the claimant can make an adjustment to other work in the national economy, the claimant is not disabled. *Id.*

**DISCUSSION**

Plaintiff contends the ALJ erred in his finding that plaintiff did not establish a listing level of impairment and his determination of plaintiff's RFC. Additionally, plaintiff argues that because the Appeals Council did not perform a real review, plaintiff is entitled to bad faith attorneys' fees under the Equal Access to Justice Act. Plaintiff asks that the Court reverse the ALJ decision and award her Social Security and Supplemental Security Income benefits, or alternatively, to remand with instructions. Pl.'s Mot. at 16. Defendant contends that the ALJ's determinations were supported by substantial evidence and free of legal error, and asks that the Court uphold the decision. Def.'s Mot. at 10.

**I.   The ALJ's Step Three Determination**

At step three, the ALJ must determine whether the claimant's impairment meets or equals one listed in the Listing of Impairments. If the claimant shows that his or her condition matches each element of a listed impairment, then the claimant has met the Listing Level. If the claimant establishes symptoms, signs, and laboratory findings that "at least equal in severity and duration" the characteristics of a listed impairment, then the claimant has a condition that equals a Listing Level. *Tackett*, 180 F.3d at 1099. At step three, it is the claimant's burden to prove both that he or she has an impairment that matches the description and that the impairment meets the duration requirement. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry." *Tackett*, 180 F.3d at 1099; *see also* 20 C.F.R. § 404.1520(d). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support

6

1 a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir.
2 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

3 Section 3.03, the listing for asthma, consists of two subsections under either of which a claimant
4 can meet or equal the listing. In order to fulfill the criteria for section 3.03A, the claimant must have
5 chronic asthmatic bronchitis. To determine whether the claimant has this disease, the results of the
6 claimant's airflow tests must fall below a certain value, which varies depending on his or her height.
7 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03A. To meet the criteria for 3.03B Asthma with Attacks,
8 plaintiff must experience asthma attacks "in spite of prescribed treatment and requiring physician
9 intervention, occurring at least once every 2 months or at least six times a year." *Id*. § 3.03B. "Each in-
10 patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an
11 evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks."
12 *Id*. "Attacks" are defined in section 3.00(C) of the Appendix as "prolonged symptomatic episodes
13 lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or
14 antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room
15 or equivalent setting." *Id.* § 3.00C. Section 3.00C further provides that the medical evidence for asthma
16 "should also include information documenting adherence to a prescribed regimen of treatment" and "the
17 medical evidence should include spirometic results obtained between attacks that document the presence
18 of baseline airflow obstruction." *Id.*

19 At step three, the ALJ found that plaintiff was not disabled as a result of asthma. In his step
20 three assessment, the ALJ stated:

21 No listing is met or equaled because the medical evidence does not establish
limitations of Listing level severity. The undersigned particularly considered the
22 criteria established under section 3.03 of the Listing of impairments with regard to the
claimant's physical impairments. There are no findings based on diagnostic, clinical,
23 and/or objective evaluations, including reports of laboratory tests and diagnostic
imaging, consistent with the level of severity of a condition that meets the criteria
24 under the Listings. No examining or treating physician or medical provider reported
findings since the alleged onset date that meet the criteria under the Listings.
25 AR 17.

26 Plaintiff argues that the ALJ failed to take into account the extensive objective medical evidence in the
27 record which shows that her condition meets the requirements under listing 3.03B. Pl.'s Mot. at 4.
28 Specifically, plaintiff alleges that she meets the requirement for frequency under section 3.03B because

7

**United States District Court**
For the Northern District of California

the record reveals two twelve-month periods — after her initial AOD of December 1, 2008 and after her requested AOD of June 1, 2007 — during which she experienced the requisite number of "attacks" under section 3.00C. Pl.'s Mot. at 7. Additionally, plaintiff appears to make an argument that she is disabled under section 3.03A and that the ALJ failed to consider the relevant criteria for that section. *Id*. at 9. Defendant argues that plaintiff has failed to establish a Listing Level Impairment because plaintiff did not follow the prescribed treatment; plaintiff's smoking contributed to the severity of her asthma; and plaintiff's pulmonary function tests are invalid because they were administered when plaintiff was symptomatic. Def.'s Mot. at 2-3. According to defendant, plaintiff's records show that her treatment has been effective and that since her most severe exacerbations were caused by pneumonia and Vicodin overuse, her hospitalizations were not for control of asthma and she fails to establish disability under section 3.03B. Def.'s Mot. at 6.

Here, the ALJ found at step three that "the medical evidence does not establish limitations of Listing level severity." AR at 17. While the ALJ stated that he considered section 3.03 of the listings, the ALJ's decision does not establish that he evaluated the relevant medical evidence. Specifically, there is no discussion of plaintiff's attacks that required "physician intervention, occurring at least once every 2 months or at least six times a year." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B. Although the ALJ referenced plaintiff's treatment notes in his RFC analysis, he failed to discuss the medical evidence of attacks, including plaintiff's hospitalizations, a requirement for Listing 3.03B. *See, e.g.*, AR 312-318 (5/12/2008 and 5/13/2008 emergency department treatments), AR 378 (hospitalization from 4/11/2009 to 4/18/2009), AR 702 (emergency room treatment 3/18/2009). Additionally, the ALJ's opinion does not address the requirements for section 3.03A. In determining plaintiff's RFC, the ALJ referred to one pulmonary function test – which he rejected – but did not discuss that air flow test, or any others, in the context of section 3.03A.

Remand is appropriate where the ALJ fails to adequately consider a listing that plausibly applies. *See Lewis*, 236 F.3d at 512; *see also Marcia*, 900 F.2d at 176. Here, the ALJ's decision does not establish that he adequately evaluated the relevant medical evidence. *See Frost v. Barnhart,* 314 F.3d 359, 363-364 (9th Cir. 2002) (reversing and remanding for further proceedings where ALJ determined that plaintiff was not disabled without considering requirements of several applicable Listing

Level regulations); *see also Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 975 (9th Cir. 2000) (finding error where, contrary to Listing's instructions, ALJ ignored information from non-medical sources in step three analysis). Because the ALJ is in a better position to evaluate the medical evidence, the Court reverses and remands to the ALJ for further evaluation of plaintiff's disability. *See Frost*, 314 F.3d at 364; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). On remand, the ALJ should reconsider whether plaintiff's asthma meets or medically equals listing 3.03A or 3.03B and support his finding with a discussion of the relevant medical evidence. The medical evidence must be evaluated anew; if following remand of this matter the ALJ does not find plaintiff disabled at step three, he must reassess plaintiff's RFC.[2] The remainder of the sequential disability evaluation process must also be completed anew following remand of this matter, as necessary.

## II. Bad Faith Fees under the Equal Access to Justice Act

Plaintiff argues that she is entitled to bad faith fees under the Equal Access to Justice Act (EAJA) because the Appeals Council failed to perform a meaningful review. Pl.'s Mot. 15-16. Plaintiff alleges that the Appeals Council issued a denial with no rationale, did not listen to the hearing tape, and received her counsel's brief into the record without reading it. *Id.* Defendant argues that EAJA fees are awarded only to prevailing parties, and since plaintiff has yet to prevail, she is not entitled to such fees. Def.'s Mot. 9.

Under the EAJA, the Government is "liable for such fees and expenses to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b). This has been construed to allow the prevailing party to recover fees in cases involving "bad faith" by the Government or an agency, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). The point at which a party must apply for EAJA fees depends on the type of remand issued by the reviewing court under 42 U.S.C. § 405(g). *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (*citing Melkonyan v. Sullivan*, 501 U.S. 89 (1991)). If the court affirms,

---

[2] The Court has concluded that the ALJ erred at step three. Accordingly, it would be premature to address plaintiff's additional assignments of error with regard to the ALJ's RFC determination.

reverses, or modifies the ALJ's decision with or without remanding the case for rehearing, it is remanding under "sentence four" of section 405(g) and the claimant must apply for fees within thirty days of the date that the judgment becomes final. *Id.* If the court remands under sentence six, the claimant can only apply for fees after the completion of post-remand proceedings. *Id.*

Here, the Court reverses and remands to the ALJ under "sentence four" of section 405(g). However, as a final judgment has not yet been entered in this case, the thirty-day period for filing an application for EAJA fees has not commenced, and consequently plaintiff's request for fees is premature. *See Melkonyan*, 501 U.S. at 101-03. Therefore, the Court will not decide this issue until plaintiff submits an application for fees after a final judgment is entered. *See Flores*, 49 F.3d at 568.

## CONCLUSION

For the foregoing reasons, the Court REVERSES the decision of the Commissioner and REMANDS this case for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: September 15, 2014

SUSAN ILLSTON
United States District Judge