UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA CAMPOS,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>  Defendant. | Case No. 13-cv-03327-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

Currently before the Court is the Commissioner of the Social Security Administration's motion to alter or amend this Court's judgment entered in favor of plaintiff. Docket No. 22. Also before the Court are plaintiff's motion for award of attorney fees pursuant to the EAJA and the Commissioner's motion to strike plaintiff's motion for attorney fees as premature. Docket Nos. 23, 25.

For the reasons set forth below, the Court DENIES the Commissioner's motion to alter or amendment the judgment, and GRANTS defendant's motion to strike plaintiff's motion for attorney fees.

**BACKGROUND**

Plaintiff Elena Campos filed an application for supplemental social security income under Title XVI of the Social Security Act on March 31, 2009. Administrative Record ("AR") at 64. She also filed a Title II application for disability insurance benefits on April 7, 2009. *Id*. at 65. The Social Security Administration denied both applications initially and again on reconsideration. *Id*. at 68-72, 75-79. Plaintiff requested a hearing before an administrative law

1    judge ("ALJ") on October 20, 2010. *Id*. at 82. The hearing was held on September 20, 2011. *Id*.
2    at 28. On October 19, 2011, the ALJ concluded that plaintiff was not disabled and denied her
3    applications. *Id*. at 10-27.

4    On May 23, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's
5    decision. *Id*. at 1-6. Plaintiff then filed this action for judicial review of the Commissioner's final
6    decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal or remand of the ALJ's
7    decision. Complaint at 2. Both parties moved for summary judgment. Docket Nos. 17, 18. On
8    September 15, 2014, the Court reversed the decision of the Commissioner and remanded the case,
9    finding the ALJ failed to adequately consider whether plaintiff's asthma meets or medically equals
10   the relevant listing. Docket No. 20. The Commissioner now moves to alter or amend the
11   judgment entered in favor of plaintiff. Docket No. 22. Plaintiff again moves for an award of
12   attorney fees under the Equal Access to Justice Act ("EAJA") and the Commissioner moves to
13   strike plaintiff's attorney fee motion as premature. Docket No. 23.

**DISCUSSION**

**I.    Motion to Alter or Amend the Judgment**

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). "Reconsideration [of the judgment] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). Moreover, a Rule 59(e) motion

1    "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The Court's order reversing and remanding this case for further administrative proceedings was issued on September 15, 2014. Docket No. 20. The Commissioner filed her 59(e) motion on October 14, 2014, twenty-nine days after the Court's order was filed. Docket No. 22. Although the Court did not issue a judgment in connection with its order, the Court will treat the September 15, 2014 order as a judgment and the Commissioner's 59(e) motion as timely.

The Commissioner argues that that Court should alter or amend the judgment "to correct manifest errors of law or fact upon which the judgment is based." Mot. at 2. The Commissioner asserts that the ALJ's determination that plaintiff did not meet or medically equal a listing level of impairment was supported by substantial evidence. *Id.* at 3. Additionally, the Commissioner argues that the Court may make inferences with regard to an ALJ's decision, and the ALJ's discussion of plaintiff's credibility, specifically with respect to her refusal to quit smoking, implied that plaintiff could never meet or equal the asthma listing. *Id.* at 3-5.

These arguments were either made or could have been made in the Commissioner's response to plaintiff's motion for summary judgment. A Rule 59(e) motion cannot be used to relitigate matters or raise new arguments that could have been previously presented prior to the entry of judgment. *See Exxon Shipping*, 554 U.S. at 485 n.5. Further, the Commissioner's argument suggests that the ALJ denied benefits because plaintiff continued smoking, and thus failed to follow a prescribed treatment. It appears that the Commissioner's argument is based upon 20 C.F.R. § 404.1530(a), which requires that a claimant follow treatment prescribed by his or her physician "if this treatment can restore [his or her] ability to work." 20 C.F.R. § 404.1530(a). However, before denying benefits because of a failure to quit smoking, the ALJ

3

must conduct an inquiry into the circumstances of the non-compliance and whether the treatment prescribed can restore the plaintiff's ability to work. *Byrnes v. Shalala*, 60 F.3d 639, (9th Cir. 1995) (holding that "before basing a denial of benefits on noncompliance, the ALJ must 'examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy' his impairment and must make specific findings.") (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)) (alteration in original); *see also Burnside v. Apfel*, 223 F.3d 840, 843-44 (8th Cir. 2000). "Also essential to a denial of benefits pursuant to Section 404.1530 is a finding that if the claimant followed her prescribed treatment she could return to work." *Id*. (quoting *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985) (internal quotation mark omitted). Here, the ALJ failed to conduct this inquiry. Accordingly, the Court DENIES the Commissioner's motion to alter or amend the judgment.

## II.   Motion for Attorney Fees and Motion to Strike

Plaintiff filed her motion for attorney fees pursuant to EAJA one day after the Commissioner filed her motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket Nos. 22, 23. The Commissioner has filed a request to strike plaintiff's motion for attorney fees as premature, and plaintiff has responded. Docket Nos. 25, 27.

Under the EAJA, the Government is "liable for such fees and expenses to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2412(b). This has been construed to allow the prevailing party to recover fees in cases involving "bad faith" by the Government or an agency, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations omitted).

The party seeking fees must file an application within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' – *i.e.*, 30 days after the time for appeal has ended." *Shalala v.*

4

*Schaefer*, 509 U.S. 292, 302 (1993). Under Rule 4(a) of the Federal Rules of Appellate Procedure, the time for appeal in a civil case to which a federal officer is a party does not end until sixty days after entry of judgment. Fed. R. App. P. 4(a)(1)(B)(i). As previously stated, the Court did not enter a final judgment along with its September 15, 2014 order. Thus, the 30-day time period for filing an application for EAJA fees cannot have run. *Schaefer*, 509 U.S. at 302-03. A "separate document" of judgment should have been entered with the Court's order remanding the case pursuant to sentence four of § 405(g). *Id*. at 297 (explaining that sentence four remand orders require "[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court)").

The Court will issue a final judgment in this case shortly. Plaintiff's EAJA application may be filed until 30 days after the time for appeal has ended, which in this case will be sixty days after the Court's entry of final judgment. Thus, the Court must GRANT defendant's motion to strike plaintiff's motion for attorney fees a premature. Plaintiff's motion is stricken, subject to being refiled at the appropriate time.

**IT IS SO ORDERED**.

Dated: January 23, 2015

SUSAN ILLSTON
United States District Judge