UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA CAMPOS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 13-cv-03327-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |

Before the Court is plaintiff Elena Campos' motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Rule 11 sanctions against defendant Commissioner. Having considered the papers submitted, the Court GRANTS in part and DENIES in part plaintiff's motion for attorneys' fees, and DENIES plaintiff's motion for Rule 11 sanctions.

**BACKGROUND**

Plaintiff Elena Campos filed an application for supplemental social security income under Title XVI of the Social Security Act on March 31, 2009. Administrative Record ("AR") at 64. She also filed a Title II application for disability insurance benefits on April 7, 2009. *Id.* at 65. The Social Security Administration denied both applications initially and again on reconsideration. *Id.* at 68-72, 75-79. Plaintiff requested a hearing before an administrative law judge ("ALJ") on October 20, 2010. *Id.* at 82. The hearing was held on September 20, 2011. *Id.* at 28. On October 19, 2011, the ALJ concluded that plaintiff was not disabled and denied her

applications. *Id*. at 10-27.

On May 23, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's decision. *Id*. at 1-6. Plaintiff then filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal or remand of the ALJ's decision. Compl. at 2. Both parties moved for summary judgment. Dkt. Nos. 17, 18. On September 15, 2014, the Court reversed the decision of the Commissioner and remanded the case, finding the ALJ failed to adequately consider whether plaintiff's asthma meets or medically equals the relevant listing. Dkt. No. 20.

On October 14, 2014, the Commissioner filed a Rule 59(e) motion to alter or amend the Court's judgment, arguing that further proceedings would be unnecessary because the plaintiff's continued smoking made her incapable of meeting the listings' critera. Dkt. No. 22. The next day, plaintiff filed her first motion for attorneys' fees. Dkt. No. 23. By order dated January 23, 2015, the Court denied the Commissioner's motion for reconsideration, finding that the Commissioner was precluded from asserting arguments that she raised or could have raised in her earlier motion for summary judgment. Dkt. No. 28. The Court also struck plaintiff's request for attorneys' fees because she had improperly filed the request before the Court entered final judgment. *Id.*

The Court entered final judgment on January 29, 2015. Dkt. No. 29. Plaintiff timely filed the current motion for attorneys' fees on March 27, 2015. Dkt. No. 30. Plaintiff seeks attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), including bad-faith fees, and requests that the Court impose Rule 11 sanctions against the Commissioner. Plaintiff argues that the sanctions are appropriate because the Commissioner's Rule 59(e) motion was frivolous and filed for the purpose of delay.

**LEGAL STANDARDS**

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to

attorneys' fees and costs unless the Court finds that the position of the United States was substantially justified. *See id.* The Supreme Court has defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When an ALJ's decision is reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of the plaintiff's claim was substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government. *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson County, State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). However, the government's position need not be correct to be substantially justified. *See Pierce*, 487 U.S. at 566 n.2.

Under certain conditions, the EAJA "allows for an award of attorney fees at a reasonable market rate" -- i.e., at a market rate higher than the statutory maximum fee levels. *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990). Section 2412(b) states that the "United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law . . . ." 28 U.S.C. § 2412(b). "The common law allows a court to assess attorney's fees against a losing party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (citations omitted). "An award of attorney fees under the bad faith exception is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Brown*, 916 F.2d at 495 (citations omitted).

Under Federal Rule of Civil Procedure 11(b), "a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous." *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). The Ninth Circuit has recognized that under Rule 11(b)(1) an "improper purpose is a purpose to harass or to cause

1  unnecessary delay or needless increase in the cost of litigation." *C.W. v. Capistrano Unified
2  School District*, No. 12-57315, at *8 (9th Cir. Mar. 2, 2015) (citations omitted).  An improper
3  purpose is tested by objective standards.  *Id*.  Rule 11(c)(2) requires that a motion for Rule 11
4  sanctions be made separately from any other motion.

# DISCUSSION

## I. The Government Was Not Substantially Justified

### A. Cross-Motions for Summary Judgment

Plaintiff argues that the government's position was not substantially justified because, among other reasons, the ALJ failed to consider a listing that plausibly applies.  Pl.'s Mot. for Attorneys' Fees ("Pl.'s Mot."), Dkt. No. 34, at 4.[1]  The Court agrees.  In its Order remanding the case, this Court found that the ALJ had committed reversible error by failing to adequately consider whether plaintiff's condition met or equaled a listing-level impairment.  Remand Order, Dkt. No. 17, at 6-9.  Specifically, although the ALJ stated that he had considered section 3.03 of the listings related to asthma, the ALJ provided no discussion of plaintiff's asthma attacks that required physician intervention, which were relevant to the requirements of sublisting 3.03(B).  *Id*.  Further, the ALJ did not address the requirements for 3.03(A), and did not discuss whether plaintiff's air flow tests might plausibly meet this sublisting's requirements.  *Id*.

The Ninth Circuit has held that errors in which an ALJ "fail[s] to make findings and weigh evidence" are "serious," and that the government's "defense of [these] basic and fundamental errors" lacks substantial justification.  *See Shafer*, 518 F.3d 1067, 1071-72 (quoting *Corbin v. Apfel,* 149 F.3d 1051 at 1053 (9th Cir. 1998)).  Here, the ALJ has failed to adequately consider whether the evidence meets or equals a listing-level impairment, and as such has committed a "serious" error as defined by the Ninth Circuit.  Therefore, the Court finds that the government was not substantially justified in defending the ALJ's failure to make complete findings and

---

[1] The plaintiff's other grounds for arguing that the government's position was not substantially justified do not relate to the issue upon which the Court issued its decision, and thus will not be considered here.  *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010) (holding that the EAJA does not support the award of attorneys' fees on issues not considered by the district court).

consider all relevant evidence.

Accordingly, the Court finds that plaintiff is entitled to an award of attorneys' fees and costs incurred in litigating this appeal, subject to the adjustments discussed below.

### B. Bad Faith Fees Related to Motion to Alter or Amend

Plaintiff now seeks bad-faith attorney's fees -- i.e., market rate fees -- for all work after her first discussions with the Commissioner about the Rule 59(e) motion, arguing that the motion was frivolous and brought for the purpose of delaying disability benefit payments to plaintiff. Pl.'s Mot. at 4-5.

Because the Commissioner raised the same or substantially similar arguments to those this Court had previously rejected, the Court finds the government's position in its motion to alter or amend the judgment was not substantially justified. However, though not substantially justified, the Court is not convinced that the Commissioner's Rule 59(e) motion presents an "exceptional case" in which bad-faith attorneys' fees are appropriate. *See Rodriguez v. United States*, 542 F.3d 704, 711 (9th Cir. 2008). "Th[e] bad faith exception is 'a narrow one' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Brown*, 916 F.2d at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987)). There is no persuasive evidence of such improper conduct here. *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir. 2003) (holding that proving vexatious conduct requires a showing of subjective "ill intent").

Nor is the Court convinced that the Commissioner's Rule 59(e) motion was entirely frivolous. "A case is frivolous when 'the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous.'" *Id.* at 1183 (quoting *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002)). Though the Court found it inappropriate to relitigate previously decided issues, the substance of the Commissioner's Rule 59(e) motion was not so obviously wrong as to be frivolous. *See Manchester Farming P'ship*, 315 F.3d at 1183.

Accordingly, the Court DENIES plaintiff's request for bad-faith attorneys' fees. However, the Court finds that the hours expended in relation to the Rule 59(e) motion are compensable, and therefore GRANTS plaintiff's motion for attorneys' fees and costs for the time spent litigating the

motion, but at the applicable statutory maximum.

### C. Appropriate Amount of Attorneys' Fees

Plaintiff requests reimbursement of $22,475.14 in attorneys' fees and supports this request with detailed time records from plaintiff's attorneys. Dkt. Nos. 31, 34-2. Although plaintiff is entitled to an award of fees and costs under the EAJA, the Court finds that following adjustments are necessary. As explained above, the Court finds that bad-faith attorneys' fees are inappropriate, and will compensate reasonable hours at the applicable statutory maximum adjusted for increases in the cost of living. The 2.75 hours billed during 2013 shall therefore be compensated at the maximum statutory cap for work performed during that year, which the Ninth Circuit lists as $187.02. The Court declines to award compensation for the 5.5 hours plaintiff spent drafting her untimely first EAJA petition and opposing the Commissioner's motion to strike plaintiff's motion. Further, the Court shall reduce the award for the second petition by one-third, or 1.5 hours, to account for the hours plaintiffs expended bringing the Rule 11 motion, which is improperly before the Court, as explained below. The remaining 80.95 hours shall be compensated at $190.06, the current maximum statutory rate for 2014 and 2015. The 2.5 paralegal hours shall be compensated at the requested rate of $60. The final award under the EAJA shall be $16,049.66.

## II. Rule 11 Sanctions

Plaintiff seeks Rule 11 sanctions against the Commissioner, alleging that her Rule 59(e) motion was frivolous and filed for the improper purpose of delaying the litigation and raising costs.

Federal Rule of Civil Procedure 11 allows a party to move for sanctions if its adversary has made a filing that is frivolous, or which was made for an improper purpose. *G.C. & K.B. Investments, Inc.*, 326 F.3d at 1109. Rule 11(c)(2) requires that a motion for sanctions be made separately from any other motion. Plaintiff has brought her motion for Rule 11 sanctions as part of her broader motion seeking attorneys' fees. Because plaintiff has not complied with Rule 11's requirements, the court DENIES plaintiff's motion for sanctions.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part plaintiff's motion for attorneys' fees and DENIES plaintiff's motion for Rule 11 Sanctions. The final fee award under the EAJA shall be $16,049.66.

**IT IS SO ORDERED.**

Dated: May 14, 2015

_____
SUSAN ILLSTON
United States District Judge